UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LUIS F. GUTIERREZ, | ) | |
|          Plaintiff, | ) | Case No. CV 14-4595 (AJW) |
| | ) | |
|     v. | ) | |
| | ) | |
| GOOD SAVIOR, LLC, et al., | ) | |
| | ) | |
|        Defendants. | ) | |
| _____ | ) | |
| LUIS F. GUTIERREZ, | ) | Case No. CV 15-3727 (AJW) |
| | ) | |
|         Plaintiff, | ) | |
| | ) | MEMORANDUM OF DECISION REGARDING |
|     v. | ) | PLAINTIFF'S SECOND MOTION TO |
| | ) | ENFORCE RULE 68 OFFER OF JUDGMENT |
| EDUARDO GARCIA, | ) | ACCORDING TO ITS TERMS[1] |
| | ) | |
|        Defendant. | ) | |
| _____ | ) | |

Before the court is plaintiff's second[2] motion to enforce defendants' January 12, 2016 Rule 68 offer of judgment. The relevant

---

[1] Although the motion was filed in Case No. CV 14-4595 AJW, the offer of judgment encompassed both that case and Case No. CV 15-3727 AJW. Therefore, the court issues this ruling in both cases.

[2] Plaintiff's first motion was denied without prejudice to facilitate more complete briefing. [See Order dated January 22, 2016 (Dkt. No. 83)].

facts are few, and for the most part, undisputed.

On January 12, 2016, defendants served an "Offer of Judgment by Defendants" (the "first offer") in Case No. 14-4595 AJW. It stated:

> "Pursuant to Rule 68 of the Federal Rules of Civil Procedure and without admitting liability for any of the claims alleged herein or the claims alleged in the related case, *Luis F. Gutierrez v. Eduardo Garcia*, Case No. 2:15-3727 ("Garcia Action"), Defendants Good Savior, LLC, Barrett Business Services, Inc., Atef Awada and Eduardo Garcia (collectively, "Defendants") hereby allow judgment to be taken against them as follows:
>
> Judgment for plaintiff Luis F. Gutierrez ("Plaintiff") for the total sum of twenty-five thousand dollars ($25,000.00) to settle all claims in the above-captioned matter and all claims in the Garcia Action.
>
> In accordance with Rule 68, this offer shall be deemed withdrawn if it is not accepted within fourteen days of the service hereof. Evidence of this Offer of Judgment is not admissible except in a proceeding to determine costs."

[Tracy Declaration ("Decl."), Exhibit ("Ex.") A].

On January 13, 2016, plaintiff's counsel sent the following email to defendants' counsel:

> "I am in receipt of a Rule 68 offer of judgment that offers $25,000 to settle all claims,

1      excluding costs and attorney's fees.   First,
2      Guiterrez is inclined to accept this offer – but
3      he has 14 days, and the offer cannot be rescinded
4      during that time.
5      I am happy to bring a motion for attorneys fees
6      and seek to tax costs, but would Defendants be
7      interested in an agreed amount of attorney's fees
8      and costs?  I am entitled to attorney's fees for
9      bringing the fees motion, so perhaps we can try
10     to work this out?"
11  [Tracy Decl., Ex. B].
12     On January 13, 2016, defendants' counsel responded to the January
13  13, 2016 email from plaintiff's counsel as follows:
14      "To clarify, the offer of judgment is for the
15      claims alleged in the respective complaints,
16      including the claims for attorneys' fees.
17      Accordingly, attached is an amended offer of
18      judgment.  However, we appreciate the hours
19      you've spent on the case.  You indicated a
20      willingness to negotiate in your previous email.
21      We are open to such a negotiation."
22  [Tracy Decl., Ex. C].
23     On January 13, 2016, defendants served an "Amended Offer of
24  Judgment by Defendants" (the "second offer") in Case No. CV 14-4595
25  AJW. It stated:
26      "Pursuant to Rule 68 of the Federal Rules of
27      Civil Procedure and without admitting liability
28      for any of the claims alleged herein or the

1    claims alleged in the related cases, *Luis F.*
2    *Gutierrez v. Eduardo Garcia*, Case No. 2:15-cv-
3    3727 ("Garcia Action"), Defendants Good Savior,
4    LLC, Barrett Business Services, Inc., Atef Awada
5    and Eduardo Garcia (collectively, "Defendants")
6    hereby allow judgment to be taken against them as
7    follows:
8    Judgment for plaintiff Luis F. Gutierrez
9    ("Plaintiff") for the total sum of twenty-five
10   thousand dollars ($25,000.00) to settle all
11   claims in the above-captioned matter and all
12   claims in the Garcia Action.  All claims include
13   Plaintiff's claims for attorneys' fees and costs.
14   In accordance with Rule 68, this offer shall be
15   deemed withdrawn if it is not accepted within
16   fourteen days of the service thereof.  Evidence
17   of this Offer of Judgment is not admissible
18   except in a proceeding to determine costs."
19   [Tracy Decl., Ex. C].
20       On January 14, 2016, plaintiff served "Plaintiff's Notice of
21   Acceptance of Offer of Judgment by Defendants [Fed. R. Civ. P. 68]" in
22   Case No. CV 14-4595 AJW. It stated:
23       "Please take notice that pursuant to Federal
24   Rules of Civil Procedure, Rule 68, Plaintiff Luis
25   F. Gutierrez hereby accepts the offer of judgment
26   of Defendants Good Savior, LLC, Barrett Business
27   Services, Inc., Atef Awada and Eduardo Garcia
28   (collectively, "Defendants"), dated January 12,

1   |   2016, allowing Plaintiff to take judgment against

2   |   them in this action in the amount of $25,000,

3   |   exclusive of costs and attorney's fees.

4   |   Attorney's fees and costs will be in addition to

5   |   the $25,000, and Plaintiff will file a separate

6   |   memorandum of costs and a motion for attorney's

7   |   fees."

8   [Tracy Decl., Ex. D].[3]

9       The first question is whether the first offer entitled plaintiff

10  to recover his costs in addition to $25,000.[4] The first offer did not

11  expressly state whether the $25,000 included or excluded costs. That

12  means that costs were excluded. It has been established for over

13  thirty years that "if a Rule 68 offer does not state costs are

14  included and an amount of costs is not specified, the court will be

15  obliged by the terms of the Rule to include in its judgment an

16  additional amount which in its discretion ... it determines to be

17  sufficient to cover the costs." Marek v. Chesny, 473 U.S. 1, 6 (1985)

18

19      [3]  Plaintiff's notice of acceptance did not simply state
20  "accepted." Instead, along with stating that plaintiff "hereby
    accepts" the first offer, it included some additional language
21  explaining how plaintiff interpreted the first offer. Nevertheless,
    plaintiff's response to the first offer was an acceptance. The
22  elaboration included by plaintiff neither contradicted nor
    augmented the terms of the first offer.
23      Although plaintiff's notice of acceptance bears Case No. CV
24  14-4595 AJW and does not mention Case No. CV 15-3727 AJW, it
    expressly identifies the first offer by date and mentions Garcia,
25  so the court interprets it as applying to both actions. Neither
    side suggests that plaintiff's notice of acceptance applied only to
26  Case No. CV 14-4595 AJW.

27      [4]  Because plaintiff did not accept the second offer, the
    court need not decide what it did or did not include or determine
28  its enforceability.

(citation omitted). Therefore, the first offer entitled plaintiff to recover his costs in addition to $25,000.[5]

The second question is whether the first offer entitled plaintiff to recover his attorneys' fees in addition to $25,000. This question also must be answered in the affirmative, but the explanation is more complicated. The starting point is two prior decisions of the Ninth Circuit.

In Erdman v. Cochise County, 926 F.2d 877 (9th Cir. 1991), the court followed Marek and held in a case brought pursuant to 42 U.S.C. § 1983 that a Rule 68 offer of $7,500 "with costs now accrued", which had been accepted by the plaintiff, meant that the defendant had to pay the plaintiff's "reasonable attorney fees in addition to the amount contained in its offer" because § 1983 defines attorneys fees as a component of "costs." Erdman, 926 F.2d at 879-881. In reaching its conclusion, the court rejected the defendant's contention that "its offer had been 'inartfully drafted' and that it had intended to include attorney fees in its lump sum offer." Erdman, 926 F.2d at 879. The court held that "the [defendant's] drafting error should be construed against it, rather than against the plaintiff." Erdman, 926

_____

[5] Even apart from Marek, the last sentence of both the first offer and the second offer suggests that costs would be taxed separately in a subsequent application because it states that the offer "is not admissible except in a proceeding to determine costs." [Tracy Decl., Exs. A, C]. Obviously, if costs were included in either the first offer or the second offer, what defendants described as "a proceeding to determine costs" would be superfluous. Even the January 13, 2016 email from defendants' counsel purporting to clarify the first offer does not assert that costs were included in the $25,000. It merely says that the first offer included "the claims for attorneys' fees." [Tracy Decl., Ex. C]. Accordingly, an argument could be made that the first offer expressly contemplated that in addition to the $25,000, costs would be awarded in a separate proceeding.

1  F.2d at 879.

2      In <u>Nusom v. Comh Woodburn, Inc</u>., 122 F.3d 830 (9th Cir. 1997),

3  the court extended <u>Erdman</u> to non-§ 1983 actions and to actions resting

4  on statutes which do not define attorneys' fees as a component of

5  costs. <u>Nusom</u> was brought under the Truth in Lending Act, 15 U.S.C. §

6  1640 and Or. Rev. Stat. § 166.725(14), both of which do not include

7  attorneys' fees as a component of "costs." <u>Nusom</u>, 122 F.3d at 834.

8  The defendant made a Rule 68 offer of "$15,000, together with costs

9  accrued", which the plaintiffs accepted. <u>Nusom</u>, 122 F.3d at 832-833.

10 The court held that "the judgment does not foreclose the [plaintiffs]

11 from seeking attorney fees because it does not clearly and

12 unambiguously waive or limit them." <u>Nusom</u>, 122 F.3d at 833. As the

13 Ninth Circuit explained:

14      [W]here the underlying statute does not make

15      attorneys fees part of costs, it is incumbent on

16      the defendant making a Rule 68 offer to state

17      clearly that attorneys fees are included as part

18      of the total sum for which judgment may be

19      entered if the defendant wishes to avoid exposure

20      to attorneys fees in addition to the sum offered

21      plus costs. [¶] We do not think this an

22      unreasonable burden, for it is within a

23      defendant's power to make an offer to allow

24      judgment to be taken against it "to the effect

25      specified in the offer." Fed. R. Civ. P. 68. ....

26      As such, defendants bear the brunt of uncertainty

27      but easily may avoid it by making explicit that

28      their offers do or do not permit plaintiffs to

recover attorney fees. [¶] [W]e cannot say that
the judgment as offered, accepted, and entered
clearly and unambiguously waived or limited
attorney fees as it was silent on the subject and
the underlying statute provides for an award of
attorney fees separate from costs in successful
actions.

Nusom, 122 F.3d at 834; see generally Beauchamp v. Anaheim Union High
Sch. Dist., 816 F.3d 1216, 1223 (9th Cir. 2016)(recognizing that
"ambiguities in a Rule 68 offer are typically construed against the
offeror").

In both CV 14-4595 AJW [Complaint (Dkt. No. 1)] and CV 15-3727
AJW [First Amended Complaint (Dkt. No. 12)] some of the statutes under
which plaintiff sued entitle a prevailing plaintiff to an award of
attorneys' fees. See 29 U.S.C. § 216; Cal. Lab. Code § 1194. Unlike §
1983 and § 1988, the statutes involved in Erdman, however, the
statutes under which plaintiff sued do not define attorneys fees as a
component of "costs." See 29 U.S.C. § 216; Cal. Lab. Code § 1194.
Nusom makes clear that this does not matter. Even in non-§ 1983 cases,
where, as here, the statute on which the action is based does not
define attorneys fees as a component of costs, if a Rule 68 offer says
nothing about attorneys fees, the plaintiff may recover them
separately in addition to the specified sum. Nusom, 122 F.3d at 835
("[A] Rule 68 offer for judgment in a specific sum together with
costs, which is silent as to attorney fees, does not preclude the
plaintiff from seeking fees when the underlying statute does not make
attorney fees a part of costs."). In this case, the first offer did
not "clearly and unambiguously waive or limit attorney fees." Nusom,

122 F.3d at 834. Therefore, the first offer excluded attorneys' fees and plaintiff is entitled to recover them separately in addition to the $25,000 and costs.

Defendants advance a variety of arguments in opposition to the motion. First, they contend that neither Marek nor Erdman require an explicit waiver of costs and attorneys' fees. [Opposition at 6-9]. As previously discussed, that is simply not true. Marek, Erdman, and Nusom all hold otherwise.

Second, defendants argue that Erdman applies only in civil rights cases. [Opposition at 8-9]. They fail to acknowledge Nusom, in which the Ninth Circuit applied Erdman in a non-civil rights case. See Nusom, 122 F.3d at 833.

Third, defendants argue that the first offer unambiguously included costs and attorneys fees because it said that it was an offer to settle "all claims" and that costs and attorneys fees are "claims." [Opposition at 9-12 (especially at 10, where they state they "Defendants' offer is not ambiguous")]. This argument has been rejected by other courts. See, e.g., Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 691, 692 (7th Cir. 2013)(rejecting the argument that the defendant's Rule 68 offer for "the amount of $30,000 including all of Plaintiff's claims for relief" barred plaintiff from obtaining a separate award of attorneys' fees because the defendant's logic would "force a plaintiff to guess the meaning of the offer"); Barbour v. City of White Plains, 700 F.3d 631, 633, 634 (2d Cir. 2012) (rejecting the argument that the defendant's Rule 68 offer of "the total sum of TEN THOUSAND DOLLARS ... for the settlement of all claims" foreclosed a separate award of costs and attorneys' fees). The out-of-circuit law relied upon by defendants is inconsistent with

1  <u>Marek</u> as well as with the rationale of the Ninth Circuit's holdings in
2  <u>Erdman</u> and <u>Nusom</u>.

3       Fourth, defendants argue that there was no manifestation of
4  mutual assent. [Opposition at 12-15]. In essence, defendants argue
5  that extrinsic evidence shows that plaintiff did not accept the offer
6  which defendants made.

7       To begin with, comparing defendants' first offer (interpreted –
8  as it must be – in accordance with <u>Marek</u>, <u>Erdman</u>, and <u>Nusom</u>), <u>see</u>
9  <u>LaPierre v. City of Lawrence</u>, 819 F.3d 558, 563 (1st Cir. 2016)("[T]he
10 offer was made pursuant to Rule 68. We thus must read the offer in
11 light of the Rule and the precedent construing the Rule. And a review
12 of the Rule and the precedent interpreting the Rule convinces us that
13 the City's offer, by virtue of its silence as to whether it was
14 inclusive of costs, must be read to be exclusive of costs and thus to
15 be neither 'incomplete [n]or ambiguous' as to that issue") with
16 plaintiff's acceptance reveals that they match perfectly. There is no
17 reason to look further. Indeed, in these circumstances, it may be
18 inappropriate for the court to consider extrinsic evidence. <u>See</u>
19 <u>LaPierre</u>, 819 F.3d at 564 & n.9 (stating that courts "could not
20 consider extrinsic evidence to interpret a Rule 68 offer that is
21 silent as to the inclusion of costs," and collecting cases); <u>see</u>
22 <u>generally Steiner v. Lewmar, Inc.</u>, 816 F.3d 26, 35 (2d Cir.
23 2016)("Under ordinary contract principles, we would next look to
24 extrinsic evidence to determine the intent of the parties. [H]owever,
25 the Rule 68 contract is different. The ambiguity must be resolved
26 against the offeror, as Rule 68 offerees are at risk for costs if the
27 ultimate award is less favorable than the offer."). Considering
28 extrinsic evidence risks undercutting the settlement promotion purpose

1   of Rule 68, encouraging collateral litigation over the meaning Rule 68
2   offers, and exposing plaintiffs to exactly the type of "heads I win,
3   tails you lose" unfairness that has led the Ninth Circuit (and other
4   circuits) to strictly interpret Rule 68 offers against defendants.
5   See, e.g., Nusom, 122 F.3d at 833 ("but 'Rule 68 offers differ from
6   contracts with respect to attorney fees,' ... as to them, any waiver
7   or limitation must be clear and unambiguous")(quoting Erdman, 926 F.2d
8   at 880; citing Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir.
9   1995), cert. denied, 518 U.S. 1018 (1996)); Sanchez, 709 F.3d at 692
10  ("Offers of judgment under Rule 68 are different from contract offers.
11  When a contract offer is made, the offeree can reject it without legal
12  (as distinct from economic) consequences. Plaintiffs who receive Rule
13  68 offers, however, are 'at their peril whether they accept or reject
14  a Rule 68 offer.' .... [T]herefore, we treat Rule 68 offers
15  differently than we treat ordinary contract offers.")(quoting Webb v.
16  James, 147 F.3d 617, 621 (7th Cir. 1998)). As the Ninth Circuit put
17  it, "it would be ludicrous to allow the Defendants to argue after the
18  fact that their offer really means more than it says." Erdman 926 F.2d
19  at 880 (quoting Rateree v. Rockett, 668 F. Supp. 1155, 1159 (N.D. Ill.
20  1987)). What matters is not what defendants' counsel intended, or what
21  they said in conversation, or even what plaintiff's counsel may have
22  suspected, but rather what was contained in defendants' written Rule
23  68 offer. As the Ninth Circuit has recognized, it is the written Rule
24  68 offer which "stands as the marker by which the plaintiff's results
25  are ultimately measured." Nusom, 122 F.3d at 834.

26      The Ninth Circuit, however, has suggested that extrinsic evidence
27  sometimes may or should be considered in interpreting a Rule 68 offer.
28  See, e.g., Nusom, 122 F.3d at 834-835. Accordingly, the court will

examine the extrinsic evidence presented in this case to determine if it convincingly points in a different direction.

Assuming that extrinsic evidence should be considered in this case, it leads nowhere. Defendants rely on two pieces of extrinsic evidence.[6] First, defendants assert that their counsel told plaintiff's counsel on January 12, 2016, before the first offer was served, "that any offer of settlement would be inclusive of attorney fees." [Fagerholm Decl., para. 6]. Plaintiff, however, denies that such a statement was made. [Tracy Decl., para. 2 ("[T]here was never a statement to the effect that future settlement offers would be inclusive of attorneys fees.")]. There is no reason to trust defendants' account more than plaintiff's account, so this piece of extrinsic evidence adds nothing.

Second, defendants argue that the parties' course of dealing indicates that all settlement demands and offers were lump sums inclusive of costs and attorneys' fees. [Fagerholm Decl., para. 11]. Plaintiff contends, however, that he made a demand for $25,000 plus attorneys fees in March 2015. [Tracy Decl., para 3]. On closer inspection, it turns out that even defendants concede that not all of the previous settlement offers and demands exchanged by the parties were expressed as lump sums inclusive of attorneys fees. [Fagerholm Decl., para. 11]. Thus, the parties' bargaining history sheds little, if any, light on how the first offer should be interpreted.

Even if the court accepted defendants' account of both pieces of

---

[6]   Arguably, the emails between counsel and the second offer could be considered extrinsic evidence. But all they show is that defendants made a unilateral mistake. They do not show that the mistake was mutual or that the first offer, as written, barred a separate award of costs and attorneys' fees.

extrinsic evidence as true, it would not matter. What parties say or do in settlement negotiations likely displays more strategy, misdirection, and discontinuity than ordinary contract negotiations. The court's experience in presiding over hundreds of settlement conferences demonstrates that plaintiffs frequently accept less than their professed "bottom line", that defendants frequently pay more than the professed limits of their authority, and that both plaintiffs and defendants switch from couching settlement proposals in lump sums to separating out the components, and back again, sometimes suddenly and inexplicably. Merely because a party says that its next offer will be "X" or will be expressed in "Y" terms frequently does not mean that it will be. Thus, defendant's contention that the extrinsic evidence demonstrates that the first offer meant something other than what it said, or that plaintiff should have suspected as much, is not persuasive.

Fifth, defendants also argue that they properly revoked the first offer by serving the second offer. [Opposition at 15-16]. Although the Ninth Circuit apparently has not resolved the issue in a precedential decision, most other circuits agree that a Rule 68 offer is irrevocable during the 14-day period allowed for acceptance. See, e.g., LaPierre, 819 F.3d at 562 n. 5 (noting "the established rule that Rule 68 offers of judgment, once made, are irrevocable for 14 days"); Garayalde-Rijos v. Municipality of Carolina, 799 F.3d 45, 47 (1st Cir. 2015)("Rule 68 guarantees the offeree fourteen days to contemplate the offer, as though the offeree had paid for a fourteen-day option"); Sanchez, 709 F.3d at 692 ("Rule 68 offers may not be revoked during the 14-day period established by the Rule"); Richardson v. Nat'l R. R. Passenger Corp., 49 F.3d 760, 765 (D.C. Cir. 1995)("a

Rule 68 offer is simply not revocable during the 14-day period"); see also Morris K. Udall, May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?, 19 F.R.D. 401, 403, 406 (1957)("The present wording of Rule 68 demonstrates an implied intention that offer of judgment may not be revoked during the ten day period they are open to the plaintiff. ... No one can compel a defendant to talk settlement. But when he voluntarily does so by filing an offer he should be required to hold the door of compromise open until days have run."; noting that Judge Donworth, a member of the Federal Rules of Civil Procedure drafting committee, agreed that a Rule 68 is analogous to a paid for option and "cannot be withdrawn"). This makes sense because plaintiffs must choose carefully when deciding whether to accept or reject a Rule 68 offer. See Marek, 473 U.S. at 10-11 (noting that a Rule 68 offer "will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile"). The 14-day period allows them a meaningful amount of time in which to do so. Therefore, defendants' attempt to amend or revoke their first offer by serving the second offer was ineffective. Instead, defendants' first offer remained open for 14 days, notwithstanding defendants' subsequent service of a second, materially different offer less favorable to plaintiff. Rather than revoking or modifying the first offer, the second offer merely gave plaintiff an additional offer, which would remain open for 14 days from its service. Plaintiff had the option of accepting either the first offer or the second offer. Not surprisingly, plaintiff chose the first offer.

There is, of course, one aspect of this case that is rather unusual. Prior to accepting the first offer, plaintiff's counsel sent defendant's counsel an email, and prompted by that email, defendants'

counsel served the second offer. Does the fact that defendants'
attempt to revoke or materially change the first offer came *before*
rather than *after* acceptance require a different result?

The First Circuit recently confronted a case similar to this one.
In LaPierre, the defendant served a Rule 68 offer "for $300,000
payable over (3) years" on September 5, 2014. The offer made no
mention of whether the offer was inclusive or exclusive of costs or
attorneys' fees. On September 6, 2014, the defendant sent an email
purporting to withdraw the offer. On September 8, 2014 the defendant
sent an email explaining that the September 5, 2014 offer had to be
"clarified", and attached an "amended offer of judgment." The second
offer was identical to the first offer except that it contained the
following additional sentence: "This $300,000 figure also inclusive of
any costs and fees incurred to date, including attorney's fees." On
September 9, 2014, the plaintiff accepted the September 5, 2014 offer.
The district court adopted the defendant's contention that "the
parties had not reached a meeting of the minds, noting that as a
result of the [defendant's] 'unilateral clarification' of the
September 5 offer, 'plaintiff was on notice of defendant's
interpretation of its offer when she purportedly "accepted" the offer,
though she understood the terms differently.'" The First Circuit,
however, rejected the defendant's contention, reversed the decision of
the district court, and remanded the case with instructions to enter
judgment in accordance with the September 5, 2014 offer of judgment.
LaPierre, 819 F.3d at 560-561; see also Allen v. Freeman, 2016 WL
775788, at *1, 4 (S.D. Ga. Feb. 25, 2016)(holding that the defendant's
attempt to clarify in a subsequent email that its Rule 68 offer of
"$100,000 ..., including all of plaintiffs' claims for relief"

entitled plaintiff to separately recover costs and attorneys' fees in addition to the $100,000, and was binding on the defendant despite the defendant's attempt to clarify that it was inclusive of costs and attorneys' fees before the plaintiff accepted it). Defendants' reliance on other out-of-circuit decisions arguably reaching a contrary result, see, e.g., Radecki v. Amoco Oil Co., 858 F.2d 397, 401-402 (8th Cir. 1988), is unpersuasive. Among other things, the Eighth Circuit's application of Rule 68 is markedly more lenient toward defendants than are Ninth Circuit precedents. The approach taken in LaPierre is more consistent with the text and purpose of Rule 68, and with the Ninth Circuit's application of Rule 68 in its published decisions.

In an unpublished disposition, the Ninth Circuit decided that where the plaintiff in a Title VII case accepted a Rule 68 offer after the defendants had attempted to revoke it because they had mistakenly excluded attorneys' fees from their offer, the defendants' unilateral mistake warranted rescission. Wyatt v. Horkley Self-Service, Inc., 216 Fed. Appx. 699, 700-701 (9th Cir. 2007). Although that disposition may be cited, it never has been cited by any case (despite being nearly ten years old), and according to the Ninth Circuit it is "not precedent." U.S. Ct. App. 9th Cir. R. 36-3. Of course, any decision by the Ninth Circuit deserves respect, even if it is "not precedent." Nevertheless, in the court's view, the approach taken in Wyatt risks undercutting the goals of Rule 68, see Marek, 473 U.S. at 5 (stating that the "plain purpose of Rule 68 is to encourage settlement and avoid litigation"), is inconsistent with the rationale of Erdman and Nusom, and arguably with Latshaw v. Trainer Wortham & Co., 452 F.3d 1097 (9th Cir. 2005) as well, is contrary to the recent trend of the

law in other circuits, both with respect to the revocability of Rule 68 offers generally, see, e.g., LaPierre, 819 F.3d at 562 n.5, and with respect to the revocability of Rule 68 offers even when the plaintiff discovers or is told before acceptance that the defendant's offer was mistaken. See, e.g., LaPierre, 819 F.3d at 560-561. Accordingly, it seems unlikely that the issue presented in Wyatt would be decided the same way in a published decision today.

This outcome might seem a little harsh, but that is the wrong way to look at what happened here. Defendants did not have to make a Rule 68 offer, and if they elected to make one, they were free to include whatever terms they wished and to make their offer at the time of their choosing. As discussed in greater detail below, defendants' counsel – who admittedly lacked experience in making Rule 68 offers – failed to research the applicable law, law that had been established for nearly 20 years and that had put defendants "on notice" that limits on costs and attorneys' fees in their Rule 68 offers must be explicit. See Nusom, 122 F.3d at 835 (Goodwin, J., concurring). Even under ordinary contract law principles, such a failure to investigate the relevant law – whether due to carelessness, inexperience, or inattention – deprives defendants of any right to rescind for their unilateral mistake. See, e.g., Praxair, Inc. v. Hinshaw & Culbertson, 235 F.3d 1028, 1034 (7th Cir. 200)(Posner, J.)("If one party is careless and the other is not, the careless party cannot rescind, because he has offered no reason why the court should make him better off than his opponent.")(applying Illinois law); Anderson Bros. Corp v. O'Meara, 306 F.2d 672, 677 (5th Cir. 1962)(holding that a buyer of a dredge "who chose to act on assumption rather than upon inquiry or information obtained by investigation" would not be "released from the

resulting consequences on the ground that because of his mistaken assumption, it would be unconscionable to allow the sale to stand")(applying Texas law); In re Allegheny Int'l Inc., 954 F.2d 167, 181 (3d Cir. 1992)(explaining that if a unilateral mistake is due to negligence rather than the fault of the other party, rescission is unavailable)(applying Pennsylvania law); see also Restatement (2d) Contracts § 154 & Comment c (1981).[7]

---

[7]  Section 154 provides: "A party bears the risk of a mistake when ¶ (a) the risk is allocated to him by the agreement of the parties, or ¶ (b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or ¶ (c) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so." Comment c to   Section 154 states: "*Conscious ignorance*.   Even though the mistaken party did not agree to bear the risk, he may have been aware when he made the contract that his knowledge with respect to the facts to which the mistake relates was limited.   If he was not only so aware that his knowledge was limited but undertook to perform in the face of that awareness, he bears the risk of the mistake.   It is sometimes said in such a situation that, in a sense, there was not mistake but 'conscious ignorance.'"

Although the case law is not entirely consistent, numerous courts in disparate jurisdictions have denied relief from a unilateral mistake on the basis of § 154 (b). See, e.g., Kingik v. State Dept. Dep't of Admin., Div. of Ret. & Benefits, 239 P.3d 1243, 1250 (Alaska 2010)(affirming denial of survivor benefits to a widow because she failed to read a waiver form before signing it); Ribeiro v. County of El Dorado, 195 Cal. App. 4th 354, 371 (Cal. App. 2011)(denying a real estate purchaser's claim for rescission because he had neglected to investigate bond arrearages against the property); Tauber v. Quan, 938 A.2d 724, 731-732 (D.C. App. 2007)(holding that sellers of commercial property could not avoid the contract on the ground of unilateral mistake where they either signed an addendum to the contract without reading it or read it but disregarding its express provisions); Leff v. Ecker, 972 So. 2d 965, 966 (Fla. App. 2007)(denying the plaintiff's attempt to avoid enforcement of a settlement agreement on the basis of mistake where the plaintiff had participated in mediation and agreed to the settlement without a clear understanding of the insurance policy limits); City of Erie v. Fraternal Order of Police, Lodge 7, 977 A.2d 3, 11-12 & n.7 (Pa. Comwlth 2009)(holding that the city could not evade its obligations under a pension plan on the ground there was no meeting of the minds or its unilateral

This is not a situation in which a defendant whose counsel exercised due care intended to offer to settle for $5,000 in a case in which damages were capped at that amount by statute, but because of a secretary's typographical error offered $5,000,000 instead. See Whitaker v. Associated Credit Servs., Inc., 946 F.2d 1222, 1225 (6th Cir. 1991)(granting relief from judgment under Rule 60 where a Rule 68 offer for "$500" had been mistyped as "$500,000"). The Rule 68 offer defendants made may not have been interpreted as their counsel expected, but the outcome is neither unconscionable nor absurd. Nor is this a situation in which the plaintiff intentionally tricked the defendant into making a fundamentally unfair Rule 68 offer. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1980)(acknowledging the general principle that Rule 68 offers are irrevocable, but making an exception where, after accepting their fire insurer's Rule 68 offer the insureds pleaded guilty to arson). Here it was defendants themselves (through their agent, their chosen counsel), not plaintiff, who caused defendants' predicament.

Finally, defendants contend that the mistake of their counsel was "excusable neglect" warranting relief from judgment under Rule 60(b). [Opposition at 16-21]. Since no judgment has been entered, the issue arguably is not ripe. Nevertheless, because defendants have asked the court to address it, the court exercises its discretion to do so.

The frankness of defendants' counsel in admitting their unfamiliarity with Rule 68 and the controlling case law is commendable. [See Opposition at 20 ("Ms. Scheinhorn made the offer under a mistake of law, unaware that the term 'claims' could be

mistake about the repercussions of the bargained agreement).

interpreted as being exclusive of attorneys' fees and costs. This misinterpretation was caused by counsel's unawareness of Marek and the Ninth Circuit authority on the issue...."); Fagerholm Decl., para. 10 ("I do not normally practice in federal court and had never made a Rule 68 offer of judgment before."); Scheinhorn Decl., para. 12 ("I am in my second year of practicing law. I had not previously drafted any Rule 68 offers. Nor was I familiar with Marek or any Ninth Circuit law on the issues discussed in this Opposition."). Nevertheless, an attorney's drafting mistakes are not grounds for rescission of a Rule 68 offer, especially more than 30 years after Marek, 25 years after Erdman, and nearly 20 years after Nusom. See Nusom, 122 F.3d at 835 ("after today's decision ... defendants will now be on notice that they must make explicit that their Rule 68 offers include fees")(Goodwin, J., concurring); see also Latshaw, 452 F.3d at 1101 (holding that in the context of Rule 68, "the effects of a litigation decision that a party later comes to regret through subsequently gained knowledge that corrects the erroneous legal advice of counsel" is not "mistake, inadvertence, surprise or excusable neglect" for purposes of Fed. R. Civ. P. 60(b)(1)). One would expect lawyers unfamiliar with federal practice and inexperienced in making Rule 68 offers to conduct adequate legal research and to proceed with caution. Defendants' counsel should have been meticulous in spelling out exactly what their Rule 68 offer meant, as most counsel for defendants are [See, e.g., Tracy Decl., Exs. H, I, J, K], and as leading practice authorities urge. See generally James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 15-155.2a (Calif. & 9th Cir. eds., 2016)("To avoid this problem, the [Rule 68] offer should specify that it *includes all costs and fees*."). Quite

1  simply, defendants' counsel should have been more careful.

2  **Conclusion**

3      Defendants made a Rule 68 offer which, properly interpreted, did

4  not include either costs or attorneys' fees. Plaintiff accepted that

5  offer. Defendants' attempted revocation was ineffective, and their

6  careless unilateral mistake affords them no right to rescission.

7  Therefore, plaintiff is entitled to judgment in the amount of $25,000,

8  plus such costs as may be taxed by the clerk and such attorneys' fees

9  as may be awarded by the court.[8]

10      **It is so ordered.**

11

12  Dated: September 28, 2016

13      _____

14      Andrew J. Wistrich
        United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

_____

25      [8] If the parties cannot reach an agreement concerning

26  attorneys' fees, plaintiff must file a motion to recover them
    within 14 days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(B).

27  Defendants may file any opposition within 14 days thereafter.
    Plaintiff may file any reply 7 days later. That motion likely will

28  be resolved without argument. See C.D. Cal. L.R. 7-15.